UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MONECKA JONES<br>1717 East 9th Street<br>Cleveland, OH 44114<br><br>on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>      vs.<br><br>HORIZON HOUSE, LTD.<br>c/o Statutory Agent K&D Management, LLC<br>4420 Sherwin Road<br>Willoughby, OH 44094<br><br>      and<br><br>K&D ENTERPRISES INC.<br>c/o Statutory Agent K&D Management, LLC<br>4420 Sherwin Road<br>Willoughby, OH 44094<br><br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.<br><br>JUDGE<br><br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff Monecka Jones, by and through counsel, and for her Complaint against Defendants Horizon House, Ltd. and K&D Enterprises, Inc. ("Horizon House"), states and alleges the following:

## INTRODUCTION

1.      This is a "collective action" instituted by Plaintiff as a result of Defendants' practices and policies of failing to include bonuses earned by Plaintiff and other similarly situated employees in their regular rate of pay for purposes of calculating their overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class

action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.03.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.      The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants maintain their principle place of business in Willoughby, Ohio, conduct business throughout this District and Division, and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5.      At all times relevant herein, Plaintiff was a resident of Cuyahoga County, Ohio.

6.      At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

7.      At all times relevant herein, Defendant Horizon House was a limited liability company, organized and existing under the laws of the State of Ohio.

8.      At all times relevant herein, Defendant K&D Enterprises, Inc. was a for profit corporation, organized and existing under the laws of the State of Ohio, and the incorporator of Defendant Horizon House.

9.      At all times relevant herein, Defendants conducted business in Lake County, Ohio.

2

10.     At all times relevant herein, Defendants were employers within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

11.     At all times relevant herein, Defendants were enterprises within the meaning of 29 U.S.C. § 203(r).

12.     At all times relevant herein, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13.     At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206-207.

14.     At all times relevant herein, Defendants were a joint employer and/or single enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have an interrelation of operations, common business purpose and activities, common management, common control of labor relations, and common ownership and financial control.

15.     Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

16.     Defendants are residential and commercial leasing companies.

17.     Defendants employed Plaintiff as a Leasing Agent between May 2018 and March 2019.

18.     Other similarly-situated employees were employed by Defendants as Leasing Agents at Defendants' numerous corporate housing, senior/affordable, and commercial/retail properties.

19.     Defendants paid Plaintiff and other similarly-situated employees an hourly wage.

20.     Plaintiff and other similarly-situated employees regularly worked over 40 hours per

3

week and were paid overtime compensation.

21.     Defendants also paid Plaintiff and other similarly-situated employees bonuses.

22.     Defendants classified Plaintiff and other similarly-situated employees as non-exempt employees.

### (Failure To Include Bonus Payments In The Regular Rate)

23.     Defendants failed to include the bonuses paid to Plaintiff and other similarly-situated employees in their regular rate of pay for purposes of calculating their overtime compensation.

24.     As a result of Defendants' failure to include bonuses in the calculation of overtime compensation, Plaintiff and other similarly-situated employees were denied significant amounts of overtime compensation.

### (Defendants Willfully Violated the FLSA)

25.     Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

26.     Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

27.     The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> All former and current Leasing Agents of Horizon House Ltd. and/or K&D Enterprises, Inc. between March 25, 2016 and the present.

4

28.     Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least 100 individuals.

29.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.  In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages.  Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

30.     These similarly-situated employees are known to Defendants and are readily identifiable through Defendants' payroll records.  These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

31.     Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other members of the class ("the Ohio Class") defined as:

> All former and current Leasing Agents of Horizon House Ltd. and/or K&D Enterprises, Inc. between March 22, 2016 and the present.

32.     The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least 100 individuals.

33.     There are questions of law or fact common to the Ohio Class, including but not limited to the following:

(a) whether Defendants failed to pay overtime compensation to its employees for hours worked in excess of 40 each workweek; and

(b) what amount of monetary relief will compensate Plaintiff and other members of the class for Defendants' violation of R.C. § 4111.03 and § 4111.10.

34.     The claims of the named Plaintiff Monecka Jones are typical of the claims of other members of the Ohio Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of the other Ohio Class members.

35.     Named Plaintiff Monecka Jones will fairly and adequately protect the interests of the Ohio Class. Her interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

36.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

37.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

6

## COUNT ONE
### (Fair Labor Standards Act Violations)

38.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

39.     Defendants' practice and policy of failing to include bonuses earned by Plaintiff and other similarly-situated employees in the calculation of their overtime compensation violated the FLSA, 29 C.F.R. §§ 778.208-209.

40.     Defendants' failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. 516.2(a)(7).

41.     By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

42.     As a result of Defendants' practices and policies, Plaintiff and other similarly-situated employees have been damages in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Violations of Ohio Revised Code 4111.03)

43.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

44.     Defendants' practice and policy of failing to include bonuses earned by Plaintiff and other similarly-situated employees in the calculation of their overtime compensation violated the OMFWSA, R.C. 4111.03.

45.     By engaging in the above-mentioned conduct, Defendants willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

7

46.     As a result of Defendants' practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court hold Defendants joint and severally liable, and:

A.     Issue an order permitting this litigation to proceed as a collective action, and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B.     Order prompt notice, pursuant to 29 U.S.C. 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C.     Award Plaintiff and the class she represents actual damages for unpaid wages;

D.     Award Plaintiff and the class she represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E.     Award Plaintiff and the class she represents pre- and post-judgment interest at the statutory rate;

F.     Award Plaintiff and the class she represents attorneys' fees, costs, and disbursements; and

G.     Award Plaintiff and the class she represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

 /s/ Lori M. Griffin
Lori M. Griffin (0085241)
Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

 /s/ Lori M. Griffin
One of the Attorneys for Plaintiff

9